UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC ADAMS and CAITLYN LOCKING,

                      Plaintiff,

v.                                        Civil Action No. _____

PREMIER RECOVERY GROUP, INC.,

                      Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. That Plaintiffs' cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to their federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiffs, Eric Adams and Caitlyn Locking, are natural persons residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Premier Recovery Group, Inc., (hereinafter "Premier") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

1

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

8. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. Defendant regularly attempts to collect debts alleged to be due another.

16. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

### IV. FACTUAL ALLEGATIONS

17. That Plaintiff, Eric Adams, incurred a debt to Cash Central. This debt will be referred to as "the subject debt."

18. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. That Plaintiff Eric Adams thereafter defaulted on the subject debt.

20. That upon information and belief Defendant was employed by Cash Central to collect on the subject debt.

21. That in or about January of 2011, Defendant began calling Plaintiff Eric Adams, multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

22. That Defendant would leave messages on Plaintiff Eric Adams' cellular telephone in which Defendant fails to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt and also fails to identify the name of the company leaving the message.

23. That in or about February of 2011, Defendant began calling Plaintiff Caitlyn Locking, multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

24. That Defendant would leave messages on Plaintiff Caitlyn Locking's cellular telephone in which Defendant fails to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt and also fails to identify the name of the company leaving the message.

25. That in or about March of 2011, Plaintiff Caitlyn Locking called the Defendant and spoke with the manager "Richard" informing "Richard" that it is not her debt and to stop calling her and to remove her telephone number. "Richard" said he would not remove her number and would call her "around the clock" unless she paid the debt. Defendant proceeded to call Plaintiff Caitlyn Locking that same day and the next day.

26. That Defendant left several voice messages on Plaintiffs voicemails which state;

    A. "…calling from office of PRG from judgment and claims department, this call is in regards to a complaint which is now being filed against you and currently being formalized through Erie County"
    B. "Julie calling from judgment and claims division…our client has received the necessary paperwork from your county and their going to motion forward against you on their behalf…if you wish to stop these proceedings, contact me at 866-364-6516."
    C. "…Complaint filed in our office naming you as Respondent."

27. That despite Defendant's statements, they had not been authorized by Cash Central or the current account holder to pursue legal action against Plaintiffs, and did not intend to do so.

28. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

3

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

29. Plaintiffs repeat, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above.

30. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer as described in paragraph 16(A)-16(C).

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiffs' telephone to ring with the intent to annoy, abuse or harass.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating, "…calling from office of PRG from judgment and claims department this call is in regards to a complaint which is now being filed against you through Erie County"; "Julie calling from judgment and claims division…our client has received the necessary paperwork from your county and their going to motion forward against you on their behalf…if you wish to stop these proceedings, contact me at 866-364-6516"; and "…Complaint filed in our office naming you as Respondent."

    D. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt in the multiple messages left for Plaintiffs.

    E. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692d(6), 15 U.S.C. §1692b(2), and 15 U.S.C. §1692b(3), by failing to identify themselves when leaving messages on Plaintiffs respective telephone answering services; disclosing the existence of the alleged debt to Plaintiff Caitlyn Locking; and by continuing to Call Plaintiff Caitlyn Locking despite being informed by her to cease calling her as it is not her debt and the telephone number being dialed was not a good contact number for Plaintiff Eric Adams.

31. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

32. Plaintiffs repeat, reallege and incorporate by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

33. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiffs' cellular telephones using an automated telephone dialing system and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiffs to leave such messages and/or after Plaintiffs revoked said consent.

34. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiffs to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiffs, and disturbed their peace and tranquility at home and elsewhere.

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiffs to sustain damages and experience severe emotional distress.

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

39. Plaintiffs received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiffs to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

40. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demands trial by jury in this action.

Dated: August 19, 2011

/s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiffs*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
           sandrews@kennethhiller.com